1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  O. Randolph Bragg (IL Bar No. 6221983)
   Craig M. Shapiro (IL Bar No. 6284475)
6  HORWITZ, HORWITZ & ASSOCIATES, LTD.
   25 East Washington Street, Suite 900
7  Chicago, Illinois 60602-1716
   Telephone Number: (312) 372-8822
8  Facsimile Number: (312) 372-1673
   Email Address: rand@horwitzlaw.com
9
   Attorneys for Plaintiff
10 MARIA CONCEICAO SILVA

**ORIGINAL FILED**

08 JUN 19 PM 1:58

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

JW

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MARIA CONCEICAO SILVA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation, and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>Defendants. | Case No. C08-03019 RS<br><br>**CLASS COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, MARIA CONCEICAO SILVA, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby make the following allegations:

### I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by Plaintiff on behalf of herself and all others similarly situated for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal

-1-
CLASS COMPLAINT

1  Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA")
2  which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

4  2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7  3.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

10  4.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA and the RFDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

16  5.  This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

20  6.  Plaintiff, MARIA CONCEICAO SILVA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h). At all relevant times, Plaintiff has resided in Santa Clara County, California.

24  7.  Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond Patenaude, Agent for Service of Process, 4545 Murphy Canyon Road, 3rd Floor, San

1  Diego, California 92123-4363. The principal business of P&F is the collection of debts using the
2  mails and telephone, and P&F regularly attempts to collect debts alleged to be due another. P&F
3  is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2©.

4  8.  Defendant, RAYMOND ALCIDE PATENAUDE, (hereinafter
5  "PATENAUDE"), is a natural person and licensed attorney in the state of California. PATENAUDE
6  may be served at his current business address at: Raymond Alcide Patenaude, Patenaude & Felix,
7  APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. PATENAUDE
8  is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9  9.  At all times herein mentioned, each of the Defendants was an officer, director,
10 agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all
11 said times, each Defendant was acting in the full course and scope of said office, directorship,
12 agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without
13 further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

15 10.  On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred
16 a financial obligation, namely a credit card account issued by Target National Bank and bearing the
17 account number XXXX-XXXX-XXXX-3718 (hereinafter "the debt"). The debt was incurred
18 primarily for personal, family or household purposes and is therefore a "debt" as that term is defined
19 by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §
20 1788.2(f).

21 11.  Sometime thereafter on a date unknown to Plaintiff, the debt was consigned,
22 placed, or otherwise transferred to Defendants for collection from Plaintiff.

23 12.  Thereafter Defendants sent a collection letter (Exhibit "1") to Plaintiff which
24 is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25 13.  The collection letter (Exhibit "1") is dated June 20, 2007.

26 14.  The collection letter (Exhibit "1") was the first written communication from
27 Defendants to Plaintiff in connection with the collection of the debt owed to Target National Bank.

28 15.  The collection letter (Exhibit "1") states:

> Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

16. Plaintiff is informed and believes, and thereon alleges that PATENAUDE created, approved and/or approved the use of collection letters in the form of Exhibit "1."

17. The collection letter (Exhibit "1") was signed by PATENAUDE.

## VII. DEFENDANTS' PRACTICES

18. Defendants regularly sent or caused to be sent communications in the form of Exhibit "1" to California residents in an effort to collect consumer debts.

## VIII. CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of a class of all other persons similarly situated.

20. Plaintiff tentatively defines the class as (I) all persons who were sent at an address in California, (ii) a letter from Defendants in the form of Exhibit "1," (iii) regarding a debt allegedly due Target National Bank (iv) incurred for personal, family or household purposes (v) which was not returned undelivered by the U.S. Post Office (vi) during the one year period before filing this action through the date of certification.

21. The class is so numerous that joinder of all members is impractical. On information and belief, collection letters in the form of Exhibit "1" have been sent to hundreds of California class members.

22. There are questions of law and fact common to the classes, which questions predominate over any questions peculiar to individual class members. The common questions include:

    a. Whether Defendants are debt collectors;

    b. Whether Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15

-4-
CLASS COMPLAINT

U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788;

    c.    Whether Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788;

    d.    Whether Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4) and Cal. Civil Code § 1788; and

    e.    Whether Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5) and Cal. Civil Code § 1788.

23.    There are no individual questions of law or fact, other than whether a class member was sent the offending collection letter, which can be determined by ministerial inspection of the Defendants' records.

24.    Plaintiff will fairly and adequately represent and protect the interest of the class members. He is committed to vigorously litigating this matter. She has retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA and RFDCPA. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim. Plaintiff and her counsel will vigorously pursue this matter.

25.    Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

26.    A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the class members who received collection letters in the form of Exhibit

-5-
CLASS COMPLAINT

"1" had no knowledge that their rights are being violated by illegal collection practices. The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

27. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants acted on grounds generally applicable to the Classes, thereby making appropriate declaratory relief with respect to the Class as a whole.

29. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## IX. CLASS CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

30. On behalf of herself and the classes she seeks to represent, Plaintiff brings this claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

31. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

32. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

33. Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA,

15 U.S.C. § 1692a(6).

34. Defendant, PATENAUDE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

35. The financial obligation owed to Target National Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

36. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

  a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

  b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

  c. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

  d. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(Against Defendant, P&F)**

37. On behalf of herself and the classes she seeks to represent, Plaintiff brings this claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices ("RFDCPA"),

1 | California Civil Code §§ 1788-1788.33.

2 | 38. Plaintiff repeats, realleges, and incorporates by reference the foregoing
3 | paragraphs.

4 | 39. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code
5 | § 1788.2(h).

6 | 40. Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA,
7 | Cal. Civil Code § 1788.2©.

8 | 41. Defendant, PATENAUDE, is a "debt collector" as that term is defined by the
9 | RFDCPA, Cal. Civil Code § 1788.2(c).

10 | 42. The financial obligation owed to Target National Bank by Plaintiff is a
11 | "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

12 | 43. Defendants have violated the RFDCPA. The violations include, but are not
13 | limited to, the following:

    a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

    b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

    c. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17; and

    d. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would

-8-
CLASS COMPLAINT

          provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

44. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## X. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Certify this litigation to proceed as a class action;

c. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

d. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

e. Award Plaintiff and the class members statutory damages in pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

f. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code § 1788.17; and

g. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
MARIA CONCEICAO SILVA

## **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARIA CONCEICAO SILVA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

LAW OFFICES OF
# PATENAUDE & FELIX, A.P.C.
A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| [X] 4545 MURPHY CANYON RD, 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600  (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675  (866) 772-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD, STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032  (800) 867-3092<br>FAX (702) 992-6286 |

06/20/07

15266-A1200

MARIA C SILVA
1419 WHITTON AVE
SAN JOSE, CA 951162358

RE:   Our Client:          TARGET NATIONAL BANK
      Account Number:      4352375047873718
      Our File Number:     2051.3217
      Account Balance:     $1,800.62

Dear MARIA C SILVA:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed. If you wish to eliminate further collection action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

Raymond A. Patenaude, ESQ.

EXHIBIT 1

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
SEE REVERSE SIDE FOR IMPORTANT INFORMATION

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



PATENAUDE & FELIX, A.P.C.
A PROFESSIONAL LAW CORPORATION

4545 MURPHY CANYON ROAD, THIRD FLOOR
SAN DIEGO, CA 92123

**RETURN SERVICE REQUESTED**

15266-A1200

MARIA C SILVA
1419 WHITTON AVE
SAN JOSE, CA 951162358

06/20/07

PRESORTED
FIRST CLASS