June D. Coleman - 191890
David B. Leas - 238326
ELLIS, COLEMAN, POIRIER, LAVOIE,
& STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants PATENAUDE & FELIX, A PROFESSIONAL CORPORATION; and RAYMOND ALCIDE PATENAUDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA CONCEICAO SILVA, on behalf of herself and others similrly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>Defendants. | Case No.: c 08-03019 JW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendants, Patenaude & Felix, A.P.C. and Raymond Alcide Patenaude, by and through their attorneys, hereby answer Plaintiff's Complaint as follows:

## I. INTRODUCTION

1. Denied. The allegations of Paragraph 1 contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants, they are denied and Defendants leave Plaintiff to its proof at trial.

## II. JURISDICTION

2. Denied. The allegations of Paragraph 2 contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants, they are denied and

Defendants leave Plaintiff to its proof at trial

3. Denied. The allegations of Paragraph 3 contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants, they are denied and Defendants leave Plaintiff to its proof at trial. Defendants deny that they have violated the Fair Debt Collection Practices Act.

## III. VENUE

4. Denied. The allegations of Paragraph 4 contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants, they are denied and Defendants leave Plaintiff to its proof at trial. Defendants deny that they have violated the Fair Debt Collection Practices Act or the Rosenthal Fair Debt Collection Practices Act.

## IV. INTRADISTRICT ASSIGNMENT

5. Denied. The allegations of Paragraph 5 contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants, they are denied and Defendants leave Plaintiff to its proof at trial

## V. PARTIES

6. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied and Defendants leave Plaintiff to its proof at trial.

7. Admitted in part. Defendant Patenaude & Felix, A.P.C. (hereinafter "P&F") admits that it is a California Professional Corporation (law firm) with its principal place of business at 4545 Murphy Canyon Rd., 3rd Floor; San Diego, CA 92123, and that is also its address for service. P&F further admits that its principal business is the collection of debts and that it uses the mail and telephone in the collection of debts owed to others. The remaining allegations of Paragraph 7 contain conclusions of law to which no response is required.

8. Admitted in part. Defendant Raymond Alcide Patenaude (hereinafter "Patenaude") admits that he is a natural person and is licensed California attorney. Patenaude further admits that he can be served at his business address as stated. The remaining allegations of Paragraph 8 contain conclusions of law to which no response is required.

9. Admitted in part. Patenaude admits that he is an officer of P&F. The remaining allegations of Paragraph 9 contain conclusions of law to which no response is required.

## VI. FACTUAL ALLEGATIONS

10. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied and Defendants leaves Plaintiff to its proofs at trial. In addition, the allegations of Paragraph 10 contain conclusions of law to which no response is required.

11. Admitted. Defendants admit that the debt was placed with P&F for collection.

12. Admitted in part. Defendants admit that a letter was sent to Plaintiff and that the letter attached as Exhibit "1" appears to be a copy of said letter. However, Defendants are without sufficient personal knowledge and information to form a belief as to whether Exhibit "1" is a true copy of the letter that was sent to the Plaintiff; therefore said allegation is denied and Defendants leaves Plaintiff to its proofs at trial. The remaining allegations of Paragraph 12 contain conclusions of law to which no response is required and therefore they are denied.

13. Denied. Exhibit "1" speaks for itself.

14. Admitted in part. Defendants admit that the first communication sent to Plaintiff was a letter on June 20, 2007 and that Exhibit "1" appears to be a copy of said letter. However, Defendants are without sufficient personal knowledge and information to form a belief as to whether Exhibit "1" is a true copy of the letter that was sent to the Plaintiff; therefore said allegation is denied and Defendants leaves Plaintiff to its proofs at trial.

15. Denied. Exhibit "1" speaks for itself.

16. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to whether Defendants created, approved and/or approved the use of the collection letters in the form of Exhibit "1"; therefore said allegation is denied and Defendants leave Plaintiff to its proofs.

17. Admitted in part. Defendants admit that Patenaude signed a letter addressed to the Plaintiff and that Exhibit "1" appears to be a copy of said letter. However, Defendants are without sufficient personal knowledge and information to form a belief as to whether Exhibit "1" is a true copy of the letter that was sent to the Plaintiff; therefore said allegation is denied and Defendants leave

Plaintiff to its proofs at trial.

## VII. DEFENDANTS' PRACTICES

18. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to whether Defendants regularly send or cause to be sent communications in the form of Exhibit "1" to California residents in an effort to collect consumer debts; therefore said allegation is denied and Defendants leaves Plaintiff to its proofs at trial.

## VIII. CLASS ALLEGATIONS

19. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied and Defendants leave Plaintiff to its proofs at trial. To the extent that this allegation is deemed a conclusion of law, no response is required from the Defendants.

20. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 20 contain conclusions of law to which no response is required.

21. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied and Defendants leave Plaintiff to its proofs at trial. In addition, the allegations of Paragraph 21 contain conclusions of law to which no response is required.

22. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied and Defendants leave Plaintiff to its proofs at trial. In addition, the allegations of Paragraph 22 contain conclusions of law to which no response is required.

a. Denied. The allegations of Paragraph 22a contain conclusions of law to which no response is required.

b. Denied. The allegations of Paragraph 22b contain conclusions of law to which no response is required. To the extent that the allegations of Paragraph 22b are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. §§ 1692e, 1692e(10) and

Cal. Civil Code § 1788.

c. Denied. The allegations of Paragraph 22c contain conclusions of law to which no response is required and therefore they are denied. To the extent that the allegations of Paragraph 22c are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788.

d. Denied. The allegations of Paragraph 22d contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. § 1692g(a)(4) and Cal. Civil Code § 1788.

e. Denied. The allegations of Paragraph 22e contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. § 1692g(a)(5) and Cal. Civil Code § 1788.

23. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied and Defendants leave Plaintiff to its proofs at trial. In addition, the allegations of Paragraph 23 contain conclusions of law to which no response is required.

24. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition the allegations of Paragraph 24 contain conclusions of law to which no response is required.

25. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 25 contain conclusions of law to which no response is required.

26. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 26 contain conclusions of law to which no response is required.

////

27. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 27 contain conclusions of law to which no response is required.

a. Denied. The allegations of Paragraph 27a contain conclusions of law to which no response is required.

b. Denied. The allegations of Paragraph 27b contain conclusions of law to which no response is required.

28. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 28 contain conclusions of law to which no response is required.

29. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 29 contain conclusions of law to which no response is required.

## IX. CLASS CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

**(Against All Defendants)**

30. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 30 contain conclusions of law to which no response is required. Defendants deny that they violated 15 U.S.C. § 1692 et seq.

31. Defendants repeat, re-allege and incorporate by reference the responses to each of the foregoing paragraphs.

32. Denied. The allegations of Paragraph 32 contain conclusions of law to which no response is required.

////

33. Denied. The allegations of Paragraph 33 contain conclusions of law to which no response is required.

34. Denied. The allegations of Paragraph 34 contain conclusions of law to which no response is required.

35. Denied. The allegations of Paragraph 35 contain conclusions of law to which no response is required.

36. Denied. The allegations of Paragraph 36 contain conclusions of law to which no response is required. Defendants deny that they have violated the FDCPA.

a. Denied. The allegations of Paragraph 36a contain conclusions of law to which no response is required and therefore they are denied. To the extent that the allegations of Paragraph 36a are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. §§ 1692e and 1692e(10).

b. Denied. The allegations of Paragraph 36b contain conclusions of law to which no response is required. To the extent that the allegations of Paragraphs 36b are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. §§ 1692e and 1692e(10).

c. Denied. The allegations of Paragraph 36c contain conclusions of law to which no response is required. To the extent that the allegations are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. § 1692g(a)(4).

d. Denied. The allegations of Paragraph 36c contain conclusions of law to which no response is required. To the extent that the allegations of Paragraph 36d are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. § 1692g(a)(5).

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(Against Defendant, P&F)**

37. Denied. Defendants are without sufficient personal knowledge and information to form a belief as to the truth of each allegation in this paragraph and, accordingly, these allegations are denied. In addition, the allegations of Paragraph 37 contain conclusions of law to which no response is required. Defendants deny that they violated the Rosenthal Fair Debt Collection Practices Act.

////

38. Defendants repeat, reallege and incorporate by reference the responses to each of the foregoing paragraphs.

39. Denied. The allegations of Paragraph 39 contain conclusions of law to which no response is required.

40. Denied. The allegations of Paragraph 40 contain conclusions of law to which no response is required.

41. Denied. The allegations of Paragraph 41 contain conclusions of law to which no response is required.

42. Denied. The allegations of Paragraph 42 contain conclusions of law to which no response is required.

43. Denied. The allegations of Paragraph 43 contain conclusions of law to which no response is required. To the extent that they are deemed factual as to Defendants, they are denied. Defendants deny that they have violated the RFDCPA.

a. Denied. The allegations of Paragraph 43a contain conclusions of law to which no response is required. To the extent that the allegations of Paragraph 43a are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788.17.

b. Denied. The allegations of Paragraph 43b contain conclusions of law to which no response is required. To the extent that the allegations of Paragraph 43a are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788.17.

c. Denied. The allegations of Paragraph 43c contain conclusions of law to which no response is required. To the extent that the allegations of Paragraph 43C are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. § 1692g(a)(4) and Cal. Civil Code § 1788.17.

d. Denied. The allegations of Paragraph 43d contain conclusions of law to which no response is required. To the extent that the allegations of Paragraph 46d are deemed factual as to Defendants they are denied. Defendants deny that they violated 15 U.S.C. § 1692g(a)(5) and Cal.

Civil Code § 1788.17.

44. Denied. The allegations of Paragraph 44 contain conclusions of law to which no response is required.

**WHEREFORE,** Defendants respectfully request this Court to dismiss Plaintiff's complaint in its entirety, together with costs, attorneys' fees and such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

45. Defendants did not violate 15 U.S.C. §1692e because Defendants did not use any false representations or deceptive means to collect or attempt to collect the valid debt owed by Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

46. Defendants did not violate 15 U.S.C. §1692e because Defendants did not make any false representations as to the character, amount or legal status of a debt.

### THIRD AFFIRMATIVE DEFENSE

47. Plaintiff is precluded from recovering statutory damages against Defendants in the absence of any showing Defendants violated the FDCPA.

### FOURTH AFFIRMATIVE DEFENSE

48. If a violation of the Fair Debt Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

### FIFTH AFFIRMATIVE DEFENSE

49. Plaintiff has failed to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

50. Plaintiff suffered no actual damages as a result of Defendants' alleged conduct.

### SEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff has failed to allege that she suffered any actual damages as a result of Defendants' alleged conduct.

////

**EIGHTH AFFIRMATIVE DEFENSE**

52. As a matter of fact and law, the content of the June 20, 2007 letter contains no false, deceptive or misleading representations and Plaintiff can offer no facts that would show that the letter violated the FDCPA.

**NINTH AFFIRMATIVE DEFENSE**

53. Defendants did not violate 15 U.S.C. §1692e(10) because Defendants did not use any false representations or deceptive means to collect or attempt to collect the valid debt owed by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

54. Defendants did not violate 15 U.S.C. §1692g(a)(4) because Defendants provided Plaintiff with notice regarding her rights under 15 U.S.C. §1692g(a)(4).

**ELEVENTH AFFIRMATIVE DEFENSE**

55. Defendants did not violate 15 U.S.C. §1692g(a)(5) because Defendants provided Plaintiff with notice regarding her rights under 15 U.S.C. §1692g(a)(5).

**TWELFTH AFFIRMATIVE DEFENSE**

56. Initial communications do not have to contain the verbatim language from 15 U.S.C. §1692g.

**THIRTEENTH AFFIRMATIVE DEFENSE**

57. Defendants' initial communication to Plaintiff contains language sufficient to satisfy the requirements of 15 U.S.C. §1692g.

**FOURTEENTH AFFIRMATIVE DEFENSE**

58. Defendants' alleged conduct and communications in attempting to collect a debt constitute valid commercial speech, and is therefore entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretations of the provisions of the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDCPA) must be rejected as they would place an unreasonable restraint upon valid commercial speech and upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

////

**FIFTEENTH AFFIRMATIVE DEFENSE**

59. Defendant P&F is not a debt collector as defined by the Rosenthal Fair Debt Collection Practices Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

60. Defendants allege that Plaintiff's Complaint (and the causes of action alleged therein) is barred because each of Plaintiff's claims is subject to the interested person privilege set forth in California Civil Code § 47(c), or arising under federal and state common law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

61. Defendants are informed and believe and thereon allege that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages, or his Rosenthal claim is barred by virtue of Cal. Civil Code §1788.30(g).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

62. Defendants did not willfully and intentionally violate the Rosenthal Fair Debt Collection Practices Act.

**NINETEENTH AFFIRMATIVE DEFENSE**

63. Defendants allege that Defendants' conduct was privileged pursuant to Civil Code section 47(b) and/or common law privileges under state and federal law, and as a result, the Complaint, and each cause of action thereof, is barred.

////

////

////

////

////

////

////

////

////

**TWENTIETH AFFIRMATIVE DEFENSE**

64. Defendants hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, set off, waiver, estoppel, unclean hands, and abatement.

Dated: July 29, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By /s June D. Coleman
June D. Coleman
Attorney for Defendants
PATENAUDE & FELIX, A PROFESSIONAL CORPORATION; and RAYMOND ALCIDE PATENAUDE

**DEMAND FOR JURY TRIAL**

Defendants PATENAUDE & FELIX, A PROFESSIONAL CORPORATION; and RAYMOND ALCIDE PATENAUDE hereby demand a jury trial in this matter.

Dated: July 29, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By /s June D. Coleman
June D. Coleman
Attorney for Defendants
PATENAUDE & FELIX, A PROFESSIONAL CORPORATION; and RAYMOND ALCIDE PATENAUDE