Mark E. Ellis - 127159
June D. Coleman - 191890
ELLIS, COLEMAN, POIRIER, LAVOIE,
 & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ecplslaw.com
JColeman@ecplslaw.com

Attorneys for Defendant PATENAUDE & FELIX, and RAYMOND ALCIDE PATENAUDE

*IT IS SO ORDERED AS MODIFIED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA CONCEICAO SILVA, on behalf of herself and others similrly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>Defendants. | Case No.: C08-03019 JW<br><br>**JOINT RESPONSE TO COURT'S ORDER REGARDING CLASS CERTIFICATION**<br><br>**ORDER RE: FILING OF PROPOSED ORDER FOR MAILING CLASS NOTICES OR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

In response to the Court's June 3, 2009 order regarding class certification the parties jointly submit the attached class notice, which includes the following agreed to class definition:

> (i) all persons who were sent a collection letter from Defendants in a form materially identical or substantially similar to the letter attached as Exhibit "1" to the Class Action Complaint (ii) where such letter was sent to an address in California (iii) regarding a debt allegedly due to Target National Bank (iv) incurred for personal, family or household purposes (v) which was not returned as undeliverable by the U.S. Post Office (vi) and where such letter was sent between June 19, 2007, and June 3, 2009, but (vii) excluding persons who have settled or otherwise resolved their FDCPA and/or RFDCPA claims after June 19, 2007.

The parties have reached agreement on a number of issues addressing class notice including:

o   The parties agree that class notice should be sent by first class mail.

o   The parties agree to a 60-day opt out period.

Nonetheless, the parties are actively involved in settlement discussions and believe that they could be close to a settlement agreement. If class notice was sent before the final details of the class settlement were resolved, further expense would probably need to be incurred to mail one or more additional class notices. However, if the parties can reach a settlement before class notice is sent, the class notice would incorporate the settlement and other issues, preventing the expense of a second class notice.

For these reasons, the parties jointly request that the Court delay issuing a final order regarding class notice to allow the parties to finalize a proposed settlement. The parties request two weeks to submit a motion to approve a final settlement or a proposed order regarding mailing of class notice.

Dated: June 17, 2009

    Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

    By  /S June D. Coleman
        June D. Coleman
        Attorney for
        DEFENDANTS, PATENAUDE & FELIX AND
        RAYMOND ALCIDE PATENAUDE

Dated: June 17, 2009

    Consumer Law Center, Inc.

    By  /S Fred Schwinn
        Fred Schwinn
        Attorney for
        PLAINTIFF MARIA CONCEICAO SILVA AND
        OTHERS SIMILARLY SITUATED

**\*\*\* ORDER \*\*\***

On or before **July 6, 2009**, the parties shall file their Proposed Order regarding mailing of class notices or Preliminary Approval of Class Settlement.

Dated: June 19, 2009

    */s/ James Ware*
    JAMES WARE
    United States District Judge

# SILVA V. PATENAUDE & FELIX AND RAYMOND A. PATENAUDE
## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
### Case No. C08 03019 JW (RS)

## A. THE LAWSUIT

A class action lawsuit was filed by Maria Conceicao Silva ("Plaintiff") against Defendants Patenaude & Felix, a Professional Corporation, and Raymond A. Patenaude ("Defendants") in the United States District Court for the Northern District of California alleging violations of the Fair Debt Collection Practices ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). The violation alleged is that Defendants' initial letter did not state that a request for verification or the identity of the original creditor must be by written request. On June 3, 2009, the Court certified this case to proceed as a class action for violations of the FDCPA and the RFDCPA. The class is defined as follows:

(i) all persons who were sent a collection letter from Defendants in a form materially identical or substantially similar to the letter attached as Exhibit "1" to the Class Action Complaint (ii) where such letter was sent to an address in California (iii) regarding a debt allegedly due to Target National Bank (iv) incurred for personal, family or household purposes (v) which was not returned as undeliverable by the U.S. Post Office (vi) and where such letter was sent between June 19, 2007, and June 3, 2009, but (vii) excluding persons who have settled or otherwise resolved their FDCPA and/or RFDCPA claims after June 19, 2007.

**YOU HAVE BEEN IDENTIFIED AS A MEMBER OF THIS CLASS**

The Court has ruled that: (1) this case shall proceed as a class action; (2) the members of the class are described above; (3) this notice shall be sent to all members of the class; (4) that the members of the class shall be advised of the right to opt-out of or enter an appearance in this class action through this notice, and that if a class member does not opt-out of the class, he or she will be bound by any judgment entered by this Court.

## B. POTENTIAL RECOVERY FOR CLASS MEMBERS

1. If the lawsuit is successful, pursuant to the FDCPA, the class may share equally in the recovery of statutory damages of up to $500,000, or one percent (1%) of Defendants' net worth, whichever is less. Defendants represent that that figure is approximately $19,000, and there may be as many as approximately 917 class members. Plaintiff contests the Defendants' representation of net worth. Assuming these figures are correct, each class member could expect to receive no more than approximately $20. Defendants dispute that maximum statutory damages should be awarded.

2. If the lawsuit is successful, pursuant to the RFDCPA, the class may share equally in the recovery of statutory damages of up to $500,000 or one percent (1%) of net worth of Defendant Patenaude & Felix. Defendants represent that that figure is not greater than $0.00. Plaintiff contests the Defendants' representation of net worth. Assuming this figure is correct, each class member could expect to receive $0.00 from this claim. Defendants dispute that maximum statutory damages should be awarded.

3. If the lawsuit is successful, reasonable costs and attorneys' fees may also be awarded.

## C. POTENTIAL RECOVERY FOR PLAINTIFF SILVA

If the lawsuit is successful, pursuant to the FDCPA, Plaintiff Silva could receive up to $1,000 as statutory damages. If the lawsuit is successful, pursuant to the RFDCPA, Plaintiff Silva could receive up to $1,000 as statutory damages. Defendants dispute that maximum statutory damages should be awarded.

## D. YOUR RIGHTS

1. **How to Remain a Member of the Class**
   If you wish to participate as a member of this Class, you need not do anything.

2. **How to Be Excluded from the Class**
   If you do not want to participate in this class action, you must notify the class administrator, First Class, [First Class address], by stating in writing that you wish to be excluded from this class, along with the case name, case number, your name and address. The case name and case number can be found on this notice in the upper left hand corner. Such a request to be excluded from this class must be postmarked and mailed no later than ___ [60 days from the date of mailing], 2009. If you ask to be excluded, you will not be part of the suit and you will get no further notices about it, and you will not share in the class recovery.

3. **Your Right to Intervene or File an Appearance**
   You have the right to file an appearance or intervene (participate as a named plaintiff) in this case through your own attorney. However, it is not necessary to appear or intervene in order to receive your share of any recovery. If you do want to intervene or appear through your own attorney, you must do so no later than [60 days from the date of mailing – same as opt out date], 2009. Otherwise, you will be represented by Class Counsel at any hearing and all further court proceedings. You will not be charged for this representation.

## E. ADDITIONAL INFORMATION

If you would like more information about this notice or this litigation, you may write Class Counsel at:

Fred W. Schwinn                  O. Randolph Bragg
Consumer Law Center,             Horwitz, Horwitz &
Inc.                             Assoc., Ltd.
12 South First Street            25 East Washington
Suite 1014                       Street
San Jose, CA 95113-2418          Suite 900
                                 Chicago, IL 60602

Defendants are represented by:

June Coleman
Ellis Coleman Poirier La Voie & Steinheimer, LLP
555 University Ave
Suite 200 East
Sacramento, CA 95825

The court papers filed in this case are available for inspection in the office of the Clerk of the San Jose Division of the United States District Court for the Northern District of California, 280 South First Street, Room 2112, San Jose, CA 95113. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense.

**Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**