

IT IS SO ORDERED
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA CONCEICAO SILVA, on behalf of herself and others similrly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>    Defendants. | Case No.:  C08-03019 JW<br><br>**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

    This case comes before the Court on the Joint Motion of Plaintiff Maria Conceicao Silva, on behalf of herself and the class she represents, and Defendants Patenaude & Felix and Raymond Alcide Patenaude (hereinafter, "Defendants") for preliminary approval of the Class Action Settlement Agreement.  The Court is fully advised of the following premises of the proposed Class Settlement:

    A.    Plaintiff and Defendants have entered into a Class Action Settlement Agreement ("Settlement Agreement"), attached to the Joint Motion as <u>Exhibit A</u>.

    B.    The Settlement Agreement is submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

     C.    Pursuant to the Settlement Agreement, Defendants agrees to certification of a class action as a **Rule 23(b)(3)** class with class notice provided to the class members as described in the Settlement Agreement by first class mail.

     D.    Pursuant to the Settlement Agreement, Raymond Patenuade will pay $8,250, 0.4% of his net worth, as purported statutory damages to the class which will be distributed on a pro rata basis; any funds which cannot be distributed will be awarded to Pro Bono Project Silicon Valley for consumer education or reproduction as a *cy pres* fund.

     E.    Pursuant to the Settlement Agreement, Defendants will pay notice costs upon preliminary approval of class settlement.

     F.    Pursuant to the Settlement Agreement, Defendants will pay $1,125 to Plaintiff Maria Conceicao Silva, inclusive of all purported damages, actual and statutory.

     G.    Pursuant to the Settlement Agreement, Defendants will pay reasonable attorneys' fees and costs to be determined by the Court, absent an agreement by the parties.

     H.    Pursuant to the Settlement Agreement, Defendants will provide the names and addresses of the class members to class counsel and the Class Administrator.

     I.    Pursuant to the Settlement Agreement, Plaintiff and each class member shall, as of the Effective Date, be deemed to release and discharge forever Defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys, clients, and employees, from all claims, controversies, liabilities, actions and causes of action made in this litigation. This release is conditioned upon the performance by Defendants of their obligations toward Plaintiff and the class members as set forth in the Settlement Agreement. Defendants do not release any obligation by any debtor to any of Defendants' client or to Defendants.

**IT IS HEREBY ORDERED THAT:**

1.    Pursuant to Rule 23, the class is defined as follows:

> (i) all persons who were sent a collection letter from Defendants in a form materially identical or substantially similar to the letter attached as Exhibit "1" to the Class Action Complaint (ii) where such letter was sent to an address in California (iii) regarding a debt allegedly due to Target National Bank (iv) incurred for personal, family or household purposes

(v) which was not returned as undeliverable by the U.S. Post Office (vi) and where such letter was sent between June 19, 2007, and June 3, 2009, but (vii) excluding persons who have settled or otherwise resolved their FDCPA and/or RFDCPA claims after June 19, 2007.

The parties have interpreted "in the form of **Exhibit 1** attached to the Complaint" as used above in the class definition to mean letters that were worded as Exhibit 1, and that were addressed to California residents and referenced debts owed by these California residents to Target National Bank.

2.  The Class Action Settlement Agreement (<u>Exhibit A</u>) is preliminarily approved.

3.  The names and addresses of all class members shall be provided by Defendants to Class Counsel and the Class Administrator.

4.  A Class Notice in a substantially similar form as <u>Exhibit B</u> shall be mailed to each class member as described in the settlement agreement within 60 days of the date of entry of this order.

6.  The Final Fairness Hearing will be conducted before the Honorable James Ware, at the U.S. District Court for the Northern District of California, San Jose Division, 280 South First Street, Room 2112, San Jose, CA 95113, in Courtroom 4 on **February 8, 2010 at 9 a.m.** On or before **February 1, 2010**, the parties shall file their Motion and Proposed Order for Final Approval of Settlement as a separate Docket Item Number.

7.  Barring an agreement between the parties, Plaintiff shall file a motion for an award of costs and reasonable attorneys' fees no later than 14 days after final judgment has been entered, after final approval of class settlement.

DATE: August 31, 2009

_____
JAMES WARE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

```
Mark E. Ellis - 127159
June D. Coleman - 191890
Jennifer S. Gregory - 228593
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
MEllis@ecplslaw.com
JColeman@ecplslaw.com
JGregory@ecplslaw.com
```

Attorneys for
DEFENDANT PATENAUDE & FELIX AND RAYMOND ALCIDE PATENAUDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA CONCEICAO SILVA, on behalf of herself and others similrly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>Defendants. | Case No.: C08-03019 JW<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

1. **PARTIES:** The parties to this Settlement Agreement are: Plaintiff Maria Conceicao Silva ("Plaintiff"), on behalf of herself and all others similarly situated, and Defendants Patenaude & Felix and Raymond Alcide Patenaude ("Defendants"). This Agreement binds the Plaintiff, the class members, and the Defendants, their assigns and successors, officers and employees of Defendants, and all others acting with knowledge of this Agreement.

2. **NATURE OF LITIGATION:** On June 19, 2008, Plaintiff filed this class action lawsuit in the United States District Court for the Northern District of California, alleging that Defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ.

Code §§ 1788, *et seq.*

3. **LIABILITY:** The claims of the Plaintiff are disputed. Plaintiff and Defendants consider it desirable that the action and the claims therein be settled upon the terms and conditions set forth in this Settlement Agreement, in order to avoid further expense as well as burdensome and protracted litigation.

In that Defendants enter into this settlement to buy peace, defendants believe that they cannot justify the expense of additional litigation when compared to the expense of the settlement. There is no admission of liability.

4. **INVESTIGATION:** Counsel for the class has investigated the facts available to counsel and the applicable law. Defendants have cooperated fully with counsel for the class and have made Patenaude & Felix's balance sheet available to counsel for the class, as well as Defendant Patenaude's statement of net worth. All financial information has been provided subject to a protective order. Defendants acknowledge that Plaintiff and class counsel have relied on this information in agreeing to this Settlement Agreement.

5. **COMPROMISE:** Plaintiff and the class members desire to settle their claims against Defendants, having taken into account, through their counsel, the risks, delay and difficulties involved in further litigation. Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the class, counsel for the class considers it to be in the best interest of the class to enter into this Settlement Agreement.

6. In consideration of the foregoing and other good and valuable consideration, Defendants, Plaintiff, and counsel for the members of the class agree that the claims of the Plaintiff and the members of the class against Defendants should be and are compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## TERMS

7. **EFFECTIVE DATE:** This Settlement Agreement shall become effective ("Effective Date") upon the occurrence of the following:

Five days after the Court's order granting final approval of the class settlement is final and not subject to appeal, or if an appeal has been sought, the expiration of five days after the final disposition of any such appeal which disposition approves the Court's order granting final approval of the class

- 2 -

settlement.

8. **CLASS MEMBERS:** Class members are defined as follows:

> (i) all persons who were sent a collection letter from Defendants in a form materially identical or substantially similar to the letter attached as Exhibit "1" to the Class Action Complaint (ii) where such letter was sent to an address in California (iii) regarding a debt allegedly due to Target National Bank (iv) incurred for personal, family or household purposes (v) which was not returned as undeliverable by the U.S. Post Office (vi) and where such letter was sent between June 19, 2007, and June 3, 2009, but (vii) excluding persons who have settled or otherwise resolved their FDCPA and/or RFDCPA claims after June 19, 2007.

The parties have interpreted "in the form of Exhibit 1 attached to the Complaint" as used above in the class definition to mean letters that were worded as Exhibit 1, and that were addressed to California residents and referenced debts allegedly owed by these California residents to Target National Bank.

9. **MONETARY RELIEF TO THE CLASS:** Defendant Raymond Alcide Patenaude will pay $8,250, 0.4% of his net worth, to be used as pro rata payments to the class, as purported statutory damages pursuant to **15 U.S.C. §1692k(a)(2)(B)(ii)**. Mr. Patenaude will deposit these settlement funds in a separate bank account within 45 days of the effective date of the settlement agreement. Any funds which remain 90 days after the pro rata settlement payments are disbursed to the class will be paid to Pro Bono Project Silicon Valley as a cy pres fund for consumer education and representation.

10. **Class Settlement Notice.** Defendants will pay the costs of mailing the notice to the class members, which includes a National Change Of Address (NCOA) search upon preliminary approval of class settlement. These administration expenses exclude any attorneys' fees.

11. The Class Administrator shall be First Class, 626 South Clark Street, Floor 7, Chicago, IL 60605-1711. Defendants will provide a list of class members and their addresses to the class administrator and class counsel within 30 days of the Court's order preliminarily approving the class settlement. Notice shall be sent within 45 days of the Court's order preliminarily approving the class settlement.

12. Notice will be sent to the class member's last known address as listed in Patendaude & Felix's records, as updated from an NCOA search by the class administrator, unless the class member has informed Patenaude & Felix as of the date of the Court's preliminary approval order that (1) he or

- 3 -

CLASS ACTION SETTLEMENT AGREEMENT

she is represented by an attorney, and provided a mailing address for that attorney or (2) that Patenaude & Felix should communicate with a non-attorney third party rather than the class member. If the class member has informed Patenaude & Felix that he or she is represented by an attorney, and provided a mailing address for that attorney, the class notice will be mailed to the attorney's last known address contained in Patenaude & Felix's records, as updated by an NCOA search by the class administrator. If the class member has informed Patenaude & Felix that Patenaude & Felix should communicate with a non-attorney third party, the class notice will be mailed to the class member's last known address contained in Patenaude & Felix's records as updated from an NCOA search by the class administrator.

13. The class notice will be in the general format attached hereto.

14. **MONETARY RELIEF TO THE NAMED PLAINTIFF:** Defendants will pay $1,125 to Plaintiff Maria Conceicao Silva as all purported damages, actual and statutory. Said payment will be made to Class Counsel upon the effective date of the settlement agreement.

15. **ATTORNEYS' FEES AND COSTS:** Defendants will pay reasonable and necessary attorneys' fees and costs to be determined by the Court absent an agreement by the parties within 45 days after entry of the Court's order awarding fees and/or costs, unless a notice of appeal has been filed. The Motion for Attorneys' Fees and Costs must be filed within 14 days after final judgment is entered by the Court.

16. **RELEASE:** Plaintiff and each class member shall, as of the Effective Date, be deemed to release and discharge forever Defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys, clients, and employees, from all claims, controversies, liabilities, actions and causes of action which were asserted or could have been asserted in this litigation. This release is conditioned upon the performance by Defendants of its obligations toward Plaintiff and the class members as set forth in this Settlement Agreement. Defendants do not release any obligation by any debtor to any of Defendants' clients or to Defendants.

17. If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used as a limitation on Plaintiff's alleged damages nor an admission of liability by Defendants in any subsequent proceedings in this or any other litigation, or in any manner

whatsoever. The parties agree that if this Settlement Agreement is not approved by the Court or for any reason does not become effective, the parties shall seek a new scheduling order to place the parties in the same position that they were in as of June 18, 2009.

18.  **CLASS MEMBERS' RIGHT OF EXCLUSION:** Any class member can seek to be excluded from this Settlement Agreement and from the class, within the time and in the manner provided by Court Order. Any class member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

19.  **PRELIMINARY APPROVAL:** As soon as practicable after execution of this Settlement Agreement, the parties shall apply to the Court for an Order which:

    a.    Preliminarily approves this Settlement Agreement.

    b.    Schedules a hearing for final approval of this Settlement Agreement by the Court.

    c.    Approves the form of notice to the class, to be published as described above.

    d.    Finds that mailing of such class notice is the only notice required and that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

20.  **FINAL APPROVAL:** After the conclusion of the final fairness hearing, the Court will determine whether to enter a Final Order approving the terms of this Settlement Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class members satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, directing the entry of the Final Order, and retaining jurisdiction to enforce the provisions of this Settlement Agreement.

21.  **SETTLEMENT DOCUMENTS:** The parties propose to use a form of notice to the class similar to Exhibit A, a form of proposed Preliminary Order similar to Exhibit B, and a form of Final Order similar to Exhibit C. The fact that the Court may require non-substantive changes in the notice or either order does not invalidate this Settlement Agreement.

22.  **OTHER MATTERS:** The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein as soon as is reasonably possible.

23.  **ENFORCEMENT OF THE SETTLEMENT:** If this settlement agreement is breached, reasonable and necessary attorneys' fees are awardable to the non-breaching party.

24.  The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

25.  This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

26.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the class members, and any of their successors and personal representatives, and shall bind and shall inure to the benefits of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

27.  This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

Dated: 7-6-09

By /s/ Maria C. Silva
Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: 7-6-09

CONSUMER LAW CENTER, INC.

By /s/
Fred W. Schwinn
Attorney for Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: _____

HORWITZ & HORWITZ & ASSOCIATES

By _____
O. Randolph Bragg
Attorney for Plaintiff Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: _____

By _____
Raymond Alcide Patenaude, Individually and on

- 6 -

CLASS ACTION SETTLEMENT AGREEMENT

**23.   ENFORCEMENT OF THE SETTLEMENT:** If this settlement agreement is breached, reasonable and necessary attorneys' fees are awardable to the non-breaching party.

24.   The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

25.   This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

26.   Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the class members, and any of their successors and personal representatives, and shall bind and shall inure to the benefits of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

27.   This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

Dated: _____

By _____
Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: _____              CONSUMER LAW CENTER, INC.

By _____
Fred W. Schwinn
Attorney for Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: _____              HORWITZ & HORWITZ & ASSOCIATES

By   /s O. Randolph Bragg
O. Randolph Bragg
Attorney for Plaintiff Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: _____

By _____
Raymond Alcide Patenaude, Individually and on

23. **ENFORCEMENT OF THE SETTLEMENT:** If this settlement agreement is breached, reasonable and necessary attorneys' fees are awardable to the non-breaching party.

24. The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

25. This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

26. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the class members, and any of their successors and personal representatives, and shall bind and shall inure to the benefits of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

27. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

Dated: _____

By _____
Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: _____   CONSUMER LAW CENTER, INC.

By _____
Fred W. Schwinn
Attorney for Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: _____   HORWITZ & HORWITZ & ASSOCIATES

By _____
O. Randolph Bragg
Attorney for Plaintiff Maria Conceicao Silva, individually and on behalf of others similarly situated

Dated: 7/6/09

By _____
Raymond Alcide Patenaude, individually and on behalf of Patenaude & Felix

- 6 -

CLASS ACTION SETTLEMENT AGREEMENT