IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Maria Conceicao Silva,<br><br>        Plaintiff,<br>  v.<br><br>Patenaude & Felix, et al.,<br><br>        Defendants.<br>_____/ | NO. C 08-03019 JW<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS** |

Maria Silva ("Plaintiff") brings this putative class action against Patenaude & Felix, P.C., and Raymond Alcide Patenaude ("Defendants"), alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.33. Plaintiff contends that the letter she received from Defendants as part of their effort to collect on a debt did not contain certain language required by the FDCPA and RFDCPA.

Presently before the Court is Plaintiff's Motion for Attorney Fees and Costs.[1] The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Plaintiff's Motion.

**A.    Background**

On June 19, 2008, Plaintiff filed her Complaint. (Docket Item No. 1.) On July 29, 2008, Defendants filed their Answer. (Docket Item No. 6.) On May 4, 2009, Plaintiff filed a Motion for

---

[1] (hereafter, "Motion," Docket Item No. 52.)

1 Class Certification. (Docket Item No. 28.) On May 18, 2009, Defendants moved to join Plaintiff's
2 Motion for Class Certification. (See Docket Item No. 33.) On June 3, 2009, the Court issued an
3 Order Conditionally Granting Plaintiff's Motion for Class Certification. (Docket Item No. 34.) The
4 Order was conditioned upon the parties jointly submitting a class definition and proposed form and
5 plan for dissemination of the class notice. (Id.) On August 31, 2009, the Court preliminarily
6 approved a settlement agreement between the parties. (Docket Item No. 40.)

On February 8, 2010, the Court granted final approval of the parties' settlement. (hereafter, "Final Approval Order," Docket Item No. 51.) The Final Approval Order required Defendants to pay reasonable attorney fees and costs to Plaintiff's counsel, if an agreement was reached between the parties. (Id. ¶ 5.) If the parties failed to reach such an agreement, then the Final Approval Order provided that Plaintiff's counsel shall file an application for an award of attorney fees no later than 14 days after the Court enters final judgment. (Id.)

Presently before the Court is Plaintiff's Motion for Attorney Fees and Costs.

**B.     Standards**

"Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003). "However, in order to encourage private enforcement of the law[,] Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee shifting' statute." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). "The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable 'in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Id. (citing 15 U.S.C. § 1692k(a)(3)). "The FDCPA's statutory language makes an award of fees mandatory." Id.

"District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. "Although

in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Id.

**C.  Discussion**

Plaintiff moves for an award of costs and attorney fees totaling $33,068.77, comprised of $25,798.27[2] for work performed by her counsel up to and including the settlement plus an additional $7270.50 for work performed in the course of the pursuing the Motion for Attorney Fees and Costs.[3] Defendants contend that (1) the rate requested is unreasonable in light of the market rate for similar work, and (2) the amount sought is unreasonable in light of the work performed and result obtained. (Defendants' Opposition to Plaintiff's Motion for Attorney Fees and Costs at 1-2, hereafter, "Opposition," Docket Item No. 53.)

    **1.  Reasonableness of the Rate**

At issue is whether the rates requested for lead counsel's work—$325 per hour for Mr. Fred Schwinn and $465 per hour for Mr. Randolph Bragg—are reasonable.

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Camacho, 523 F.3d at 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). "Rates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Id. "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Id. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that

---

[2] Of this amount, costs are $1207.77. (See Motion at 2-3.)

[3] (See Motion at 3; Reply in Support of Plaintiff's Motion for Attorney Fees and Costs at 8, hereafter, "Reply," Docket Item No. 62; Supplemental Declaration of Fred W. Schwinn in Support of Plaintiff's Motion for Attorney Fees and Costs, hereafter, "Schwinn Suppl. Decl.," Docket Item No. 64; Supplemental Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for an Award of Costs and Attorney's Fees, hereafter, "Bragg Suppl. Decl.," Docket Item No. 67.)

3

1 the requested rates are in line with those prevailing in the community for similar services by lawyers
2 of reasonably comparable skill, experience and reputation." Id. at 980.

3 Here, Plaintiff has submitted the declarations of lead counsel Schwinn and Bragg, along with the declaration of a member of the "community," Mr. Ronald Wilcox.[4] Counsel explain that they have extensive experience with FDCPA cases and cite several cases in which courts in this district have approved similar rates for their work. (See Schwinn Decl. ¶¶ 10-11; Bragg Decl. ¶ 13.) In support of Plaintiff's request, Mr. Wilcox states that he has extensive experience practicing in this district and in the area of FDCPA law, and that the rates requested by Schwinn and Bragg are reasonable for an attorney with their level of experience. (See Wilcox Decl. ¶¶ 3-13.) Defendants contend that the cases cited by Plaintiff are inapposite because they involved uncontested motions for fees, and Defendants cite numerous cases, some involving counsel in this case, where courts have awarded a lower hourly rate. (See Opposition at 12-23.) The Court finds that the majority of cases cited by Defendants are from other districts and therefore have less relevance than cases from this district as to reasonable rates in the relevant community. Other cases cited by Defendants involved areas of law other than FDCPA or were issued several years ago, or longer, and therefore carry less weight than recent fee awards in FDCPA cases. Thus, the Court finds that Plaintiff has presented adequate support for her request of an hourly rate of $325 for Mr. Schwinn and $465 for Mr. Bragg.

**2.     Reasonableness of Amount Sought**

At issue is whether Plaintiff's request totaling $33,068.77, including $7270.50 for counsel's work performed in the course of the pursuing the Motion for Attorney Fees, is reasonable.

A district court has "a great deal of discretion in determining the reasonableness of the fee." Camacho, 523 F.3d at 978. "This discretion is appropriate in view of the district court's superior

---

[4] (See Declaration of Fred W. Schwinn in Support of Plaintiff's Motion for Attorney Fees and Costs, hereafter, "Schwinn Decl.," Docket Item No. 52; Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for Attorney Fees and Costs, hereafter, "Bragg Decl.," Docket Item No. 52, Ex. A; Expert Declaration of Ronald Wilcox in Support of Plaintiff's Motion for Attorney Fees and Costs, hereafter, "Wilcox Decl.," Docket Item No. 63.)

4

1 understanding of the litigation and the desirability of avoiding frequent appellate review of what
2 essentially are factual matters." Id. at 978-79. A district court may, in its discretion, reduce a fee
3 award on "a percentage or across-the-board basis," rather than examining each line item submitted
4 by counsel, so long as it provides "an explanation for that choice." Ferland v. Conrad Credit Corp.,
5 244 F.3d 1145, 1150 (9th Cir. 2001). "[T]ime spent in establishing the entitlement to and amount of
6 the fee is compensable[, but] a request for attorney's fees should not result in a second major
7 litigation." Camacho, 523 F.3d at 981.

Here, Plaintiff's counsel performed, *inter alia*, the following work on this case: (1) filed the Complaint, (2) attended case management conferences, (3) engaged in limited discovery, (4) moved for class certification, which was later granted by the Court as unopposed, (5) moved for approval of a settlement between the parties, and (6) filed the present Motion. Defendants contend that Plaintiff's counsel litigates very similar FDCPA cases routinely, and recently litigated a nearly identical FDCPA case before the Court. (See Opposition at 7-8 (citing Bankston v. Patenaude & Felix, P.C., et al., No. C 07-03396-JW (N.D. Cal.).) Defendants further contend that Plaintiff's counsel achieved only limited success, having settled for less than half of the $38,000 that Plaintiff had earlier offered as its price for settlement. (Opposition at 3-6.)

Upon review of the parties' submissions, the Court finds that Plaintiff is entitled to the requested amount, subject to a 20% across-the-board reduction. The record contains sufficient evidence that Plaintiff's counsel expended reasonable amounts of time at each stage of this case. For example, Mr. Schwinn spent approximately 2.3 hours on work related to the Complaint, several hours drafting discovery documents and reviewing discovery responses, approximately three hours related to drafting the motion for class certification, numerous hours related to the settlement and the Court's approval, and numerous hours corresponding with and reviewing documents from, opposing counsel. (See Motion, Ex. A.) Mr. Bragg's hours follow a similar course. (See Motion, Ex. B.) The Court finds that these hours are generally reasonable for the work performed.

However, upon review of the Complaint in this case and in Bankston, the Court finds that they are substantially identical, and that such similarities, along with the fact that the same

5

Defendants were accused of the same conduct in both cases, render some of the hours spent in drafting the Complaint and discovery in this case excessive. Moreover, the Court finds that the requested $7270.50 for counsel's work performed in the course of the pursuing the Motion for Attorney Fees is excessive. Mr. Bragg states that he spent approximately 12 hours working on the Motion and Reply. (See Bragg Suppl. Decl., Ex. 1.) Upon review of the content and length of the Motion and Reply, the Court finds that 12 hours is excessive. Thus, upon consideration of the work performed in the entire litigation, the Court finds that a 20% reduction is appropriate.

Accordingly, the Court GRANTS Plaintiff's Motion, but reduces the award to a total of fees and costs in the sum of $26,455.02.

**D.     Conclusion**

The Court GRANTS in part Plaintiff's Motion for Attorney Fees and Costs. The Court awards Plaintiff $26,455.02 in attorney fees and costs. Defendants shall pay Plaintiff this amount within **45 days** of this Order. The Clerk shall close this file.

Dated: May 12, 2010

JAMES WARE
United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Fred W. Schwinn fred.schwinn@sjconsumerlaw.com
Jennifer Suzanne Gregory jgregory@ecplslaw.com
June D. Coleman jcoleman@ecplslaw.com
O. Randolph Bragg rand@horwitzlaw.com

**Dated: May 12, 2010**                    **Richard W. Wieking, Clerk**

                                           **By:   /s/ JW Chambers**
                                                    **Elizabeth Garcia**
                                                    **Courtroom Deputy**